UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUSTIN YOUNG, Individually and for Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ENERGY DRILLING COMPANY, <br><br> Defendant. | Case No. _____ <br><br><br> Jury Trial Demanded <br><br><br> FLSA Collective Action |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Energy Drilling Company (Energy Drilling) has failed to pay Justin Young (Young), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Energy Drilling paid Young and its other Putative Class Members non-discretionary bonuses that were not included in their respective rates of pay for purposes of calculating their time-and-a-half overtime rate. These payments represented compensation that is primarily for the benefit and convenience of Young and Energy Drilling's other hourly employees. The FLSA requires this type of compensation be included in the calculation of Putative Class Members' regular rates for overtime purposes. Because the bonus was not included in calculating these workers' regular rates of pay, Energy Drilling's Putative Class Members were not properly compensated at a rate of one-and-one-half times their regular rates–as defined by the FLSA–for all hours worked in excess of 40 hours in a single workweek.

3. Young brings this collective action to recover unpaid overtime and other damages.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6. Young performed work for Defendant in this district in Baytown, Texas.

## THE PARTIES

7. Young was an hourly employee of Energy Drilling.

8. Young worked for Energy Drilling from approximately September 2017 until August 2019.

9. His consent to be a party plaintiff is attached as **Exhibit A**.

10. Young brings this action on behalf of himself and all other similarly situated Putative Class Members under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). Energy Drilling subjected the Putative Class to the same FLSA violations as Young, and such a class is properly defined as:

> **All hourly employees who worked for, or on behalf of, Energy Drilling in the United States who were paid a bonus in the past three (3) years.** ("Putative Class Members").

11. The identities of the Putative Class Members can be readily ascertained from Energy Drilling's records.

12. Energy Drilling is a land drilling contractor headquartered in Mississippi.

13. Energy Drilling may be served by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## COVERAGE UNDER THE FLSA

14. At all relevant times, Energy Drilling was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, Energy Drilling was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, Energy Drilling was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

17. At all relevant times, Energy Drilling had an annual gross volume of sales made in excess of $1,000,000.

18. At all relevant times, Young and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19. Energy Drilling is a land drilling contractor headquartered in Mississippi. Energy Drilling operates drilling rigs that extract hydrocarbon throughout Louisiana, Texas, Mississippi, Arkansas, and Alabama.

20. Young worked for Energy Drilling from approximately September 2017 until August 2019.

21. Young performed work for Energy Drilling at its customer's job sites throughout Texas and Louisiana, including in Baytown, Texas; San Antonio, Texas; Lake Charles, Louisiana; Baton Rouge, Louisiana; and Merryville, Louisiana.

22. Young performed work as a driller and tool pusher for Energy Drilling.

23. As a driller, Young assisted with the drilling operations at the well site. Mr. Young was required to attend daily safety meetings, operate heavy machinery, and repair equipment using hand tools.

24. Young reported the hours he worked to Energy Drilling on a regular basis.

25. Energy Drilling typically scheduled Young and the Putative Class Members to work for 10- to 12-hour shifts for up to 7 days a week for weeks at a time.

26. As a result, Young worked anywhere from 50 to 70 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

27. Energy Drilling paid Young a $150 daily job bonus.

28. However, Energy Drilling did not include Young's job bonus in his regular rate of pay for purposes of calculating his time-and-a-half overtime rate.

29. Because the job bonus does not fall within any of the applicable exceptions to inclusion within the regular rate of pay, this payment was a wage that should have been included in Young's time-and-a-half overtime rate.

30. As such, Young and the Putative Class Members were not properly compensated as one-and-one-half times her regular rate – as defined by the FLSA – for all overtime worked in excess of 40 hours in a single workweek.

31. Energy Drilling's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

32. Young realleges and incorporates by reference all allegations in preceding paragraphs.

33. At all relevant times, Energy Drilling was an enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

34. Energy Drilling employed Young and the Putative Class Members.

35. Energy Drilling's pay policy denied Young and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

36. Specifically, Energy Drilling violated, and is violating, Section 7 of the FLSA by failing to include the job bonus in the calculation of the regular rate for overtime purposes. 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.217(d).

37. As such, Energy Drilling has failed to properly pay Young and the Putative Class Members overtime wages at one-and-one-half times their regular rates for all hours worked in excess of 40 hours per workweek.

38. Energy Drilling's failure to pay Young and the Putative Class Members proper overtime violated the FLSA.

39. Energy Drilling knew, or showed reckless disregard for whether, its conduct violated the FLSA.

40. Young and the Putative Class Members are entitled to recover their unpaid overtime compensation, an equal amount in liquidated damages, reasonable attorneys' fees, costs, and expenses of this action from Energy Drilling.

## COLLECTIVE CAUSES OF ACTION

41. Young incorporates all previous paragraphs and alleges that the illegal pay practices Energy Drilling imposed on Young were likewise imposed on the Putative Class Members.

42. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

43. Many of these employees have worked with Young and the Putative Class Members have reported that their hourly regular rate did not include the job bonus for overtime purposes. Even if their precise job titles may differ, the Putative Class Members are all victims of Energy Drilling's unlawful compensation practices and are similarly situated to Young in terms of *relevant* job duties, pay provisions, and employment practices.

44. Young and the Putative Class Members receive the job bonus for their own benefits, but Energy Drilling does not include these payments in the calculation of regular rates for overtime purposes.

45. The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

46. The job bonus does not fall within the few and narrow regular rate exclusions of the FLSA.

47. Energy Drilling's failure to include the job bonus into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on personal circumstances of the Putative Class Members.

48. Energy Drilling's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

49. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

50. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

51. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

52. Young demands a trial by jury

## PRAYER

53. Young prays for relief as follows:

a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Energy Drilling liable for unpaid back wages due to Young and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
Fed. Id. 27157
**Andrew W. Dunlap**
Texas Bar No. 24078444
Federal ID No. 1093163
**Carl A. Fitz**
Texas Bar No. 24105863
Fed. Id. 3158237
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

          Richard J. (Rex) Burch
          Texas Bar No. 24001807
          Fed Id. 21615
          **BRUCKNER BURCH, PLLC**
          8 Greenway Plaza, Suite 1500
          Houston, Texas 77046
          713-877-8788 – Telephone
          713-877-8065 – Facsimile
          rburch@brucknerburch.com

          **ATTORNEYS IN CHARGE FOR PLAINTIFF**