United States District Court
Southern District of Texas
**ENTERED**
March 31, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN YOUNG, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.: 4:20-cv-1716 |
| ENERGY DRILLING COMPANY, | § § | |
| *Defendant*. | § § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This Fair Labor Standards Act (FLSA) case is before the Court on Plaintiff's Motion for Conditional Certification.[1]  ECF 23.  In accordance with the Court's order the parties have submitted supplemental briefing addressing the Fifth Circuit's recent opinion in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021).  ECF 32-34, 37-38.  Having considered the parties' submissions and the law, the Court recommends that the Motion for Conditional Certification, which the Court now construes as a Motion for Notice pursuant to *Swales*, be GRANTED with modifications to the putative class members entitled to notice.

**I.  Background**

Defendant Energy Drilling is a land drilling contractor that operates drilling rigs for the extraction of hydrocarbons in several states.  Plaintiff Justin Young was an hourly employee of Defendant who worked as a driller and tool pusher at sites in Texas and Louisiana from approximately September 2017 until August 2019.  Young alleges that Defendant paid him and

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 16.

other hourly oilfield employees non-discretionary job bonuses per day but did not include the bonuses in employees' regular rates of pay for purposes of calculating the time-and-a-half overtime rate.  Young filed this suit asserting that Defendant's pay practices constitute a willful violation of the FLSA's overtime requirements.  Young brings this action on his own behalf and filed a motion asking the Court for conditional certification pursuant to 29 U.S.C. § 216(b) of a collective action consisting of:

> All non-exempt hourly oilfield personnel who worked for, or on behalf of, Energy Drilling in the United States who were paid a non-discretionary bonus in the past three (3) years.

ECF 23 at 6.  Defendant objects to notice being sent to a putative class as proposed by Plaintiff. Defendant initially argued the ground that the proposed class is facially overbroad because it is not limited "as to the locations where these potential class members worked, their job titles, the specific types of bonus payments they allegedly received or whether these bonus payments were included in their regular rates of pay."  ECF 30 at 7.  In its supplemental briefing, Defendant argues that after the Fifth Circuit's opinion in *Swales*, conditional certification is no longer appropriate in an FLSA case, and that Plaintiff has failed to present sufficient evidence demonstrating the proposed class is similarly situated.  ECF 33 at 6-7.

## II.    Legal Standards

The FLSA authorizes employees to maintain a suit against employers "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Until very recently, district courts within this circuit followed a two-stage process when determining whether to allow a representative plaintiff to proceed with a FLSA collective action.  This two-stage process was set forth in *Lusardi v. Xerox, Corp.* and consisted of a notice stage followed by a decertification stage.  118 F.R.D. 351 (D.N.J. 1987).  *See Jones v. Cretic Energy Servs., LLC.*, 149

F. Supp. 3d 761, 766-68 (S.D. Tex. 2015) (describing and applying the two-step *Lusardi* procedure). District courts applying *Lusardi* required only "substantial allegations" that the putative class members were the victims of the same policy or plan, a fairly lenient standard. *Id.* at 767. In this case, the parties' initial briefing argued for (and against) conditional certification pursuant to *Lusardi* standards. ECF 23 at 11; ECF 30 at 8. Having given the parties notice and an opportunity to address *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021) (ECF 32), the Court decides Plaintiff's motion according to new Fifth Circuit precedent.

In *Swales*, the Fifth Circuit expressly rejected the two-stage *Lusardi* approach. 985 F.3d at 434 (5th Cir. 2021) ("*Lusardi* has no anchor in the FLSA's text or in Supreme Court precedent interpreting it. Indeed, the word 'certification,' much less 'conditional certification,' appears nowhere in the FLSA. We therefore reject Lusardi's two-step certification rubric."). In doing so, the Fifth Circuit embraced "interpretative first principles: (1) the FLSA's text, specifically § 216(b), which declares (but does not define) that only those 'similarly situated' may proceed as a collective; and (2) the Supreme Court's admonition that while a district court may 'facilitat[e] notice to potential plaintiffs' for case-management purposes, it cannot signal approval of the merits or otherwise stir up litigation." *Id.* (citing *Hoffmann-La Roche, Inc. v.* Sperling, 493 U.S. 165, 169 (1989)). Under *Swales,* a district court should "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Id.* at 441. After identifying the material facts and legal considerations at issue, the Court may decide (i) collective action is not appropriate; (ii) additional discovery is needed to make a determination; or (iii) a certain category of employees is similarly situated and should be given notice. *Id.* at 443. "The bottom line is that the district court has broad, litigation-management discretion here." *Id.*

### III.    Analysis

The prospective plaintiffs in *Swales* were truck drivers who claimed "KLLM Transport Services misclassified them, and all other truck drivers, as independent contractors." *Id.* at 432. Whether a plaintiff is an employee or an independent contractor is a fact-dependent inquiry that requires analysis of the economic realities of each worker's situation. *See Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (the independent contractor "diagnosis is not always easy to perform" and can be "very fact dependent"). Therefore, in *Swales*, significant discovery was needed to determine whether the economic realities test for determining employee status could be performed on a class wide basis and the district court was required to address that issue (which was also a liability or "merits" issue) before authorizing class notice. *Id.* at 442-43.

In this case, Young is bringing a "regular rate" miscalculation claim. Young alleges that Defendant paid non-discretionary bonuses to hourly employees and improperly failed to include the bonuses in employees' regular rate of pay for purposes of calculating their overtime rate. ECF 34 at 8. Young has presented evidence that he worked for Defendant as a driller and floorhand from approximately September 2017 to February 2020. ECF 23-1 ¶ 2. During that time, he was paid by the hour and received Safety Bonuses and Beat the Curve Bonuses, but the bonuses were never included in the formula used to calculate his overtime compensation. *Id.* ¶¶ 8, 13; ECF 23-6 (Young payroll summaries). Young states in his Declaration that like him, other hourly oilfield employees were paid Safety and Beat the Curve bonuses in a predetermined amount. ECF 23-1 ¶ 8-10. He also states that, based at least in part on his conversations with former coworkers, he believes all hourly oilfield employees were paid these non-discretionary bonuses regardless of job position, duties performed, or locations worked. ECF 23-1 ¶ 12. Young also submitted the

Declaration of Christopher Istre who worked for Defendant as a floorhand and derrickhand from approximately October 2017 until March 2020 and experienced the same bonus and overtime pay practices as Young.  ECF 23-2.   Further evidence presented by Young shows that Defendant has a company-wide Safety Incentive Program under which rig managers, drillers, derrickmen, motormen, floormen, and toolpushers were eligible for Safety and Beat the Curve bonuses.  ECF 23-3, 23-4, 23-5, 23-6.

In summary, Young has presented evidence that rig managers, drillers, derrickmen, motormen, floormen, and toolpushers all were paid what he alleges are non-discretionary Safety and Beat the Curve bonuses.  Whether employees are similarly situated for purposes of the claims in this case turns on whether the Safety and Beat the Curve bonuses are "non-discretionary" and required to be included in employees' regular rate of pay for purposes of calculating overtime pay. *See* ECF 38 at 3.  Based on the evidence presented by Young—including the company pay policy alleged to have been applied universally to the listed job positions—the non-discretionary nature of the bonuses does not vary among job title, duties, or location.   Thus, whether the employees in the identified positions were subjected to the same pay practice as Young, and therefore are similarly situated, does not depend on the employees' specific job duties or where the employee worked.  *See Baucum v. Marathon Oil Corp.*, Civil Action No. H-16-3278, 2017 WL 3017509, at *8 (S.D. Tex. July 14, 2017) (employees in different jobs and with different job titles can be subject to the same pay policy and therefore met the threshold for conditional certification under *Lusardi*,); *Minyard v. Double D Tong, Inc.*, Civil Action No. 16-CV-00313, 2017 WL 5640818, *2 (W.D. Tex. 2017) (reconsidering prior denial in part of conditional certification and granting conditional certification under *Lusardi* to proposed class because "[a] class that encompasses a wide range of

job positions may be conditionally certified as long as the differences between class members are not material to the allegations of the case.").

No further discovery is needed to conclude that Young is similarly situated to other employees who were subjected to the same pay practice.  The evidence which Young has provided supports approval of a notice for the positions and bonuses discussed above.  As was stated in a recent case addressing a motion for conditional certification post-*Swales*, "[t]he Court thus finds that Plaintiffs have met their burden of showing that a similarly situated group of potential plaintiffs exists, and that no threshold issues prevent the issuance of notice. Therefore, notice is warranted."  *T.S., Individually and on Behalf of Others Similarly Situated v. The Burke Foundation d/b/a Burke Ctr. For Youth*, Civil Action 1:19-cv-809-RP (W.D. Tex. Feb. 22, 2021, slip op.); ECF 38-1.

Defendant contends Young has not sufficiently alleged "willfulness" to warrant notice to a class of potential plaintiffs dating back three years instead of two years.  29 U.S.C. § 255(a) (aggrieved parties must commence their causes of action within two years after accrual absent an allegation of a willful violation, which may be commenced within three years of accrual).  Plaintiffs bear the burden to prove a willful violation of the FLSA.  *See Alawar v. Trican Well Serv., L.P.*, 397 F. Supp. 3d 873, 899 (W.D. Tex. 2019) (holding on summary judgment that plaintiff lacked evidence of willfulness).  However, plaintiffs "are not required to prove willfulness prior to discovery."  *Walker*, 870 F Supp. 2d at 472.  Young's Amended Complaint alleges Defendant willfully violated the FLSA by failing to include non-discretionary bonuses in Young's and other potential plaintiffs' overtime calculations.  ECF 10, ¶¶ 38, 49.  Prior to Swales, an allegation of willfulness was sufficient at the notice stage to warrant notice covering the prior three years.  *Page v. Nova Healthcare M'gmt, L.L.P.*, Civ. A. No. H-12-2093, 2013 WL 4782749, at *7

(S.D. Tex. Sept. 6, 2013); *Walker v. Honghua Am., L.L.C.*, 870 F. Supp. 2d 462, 472 (S.D. Tex. 2012). Although *Page* and *Walker* pre-date *Swales*, the Court sees no reason to delay notice pending discovery on willfulness in a case such as this where the same evidence of willfulness will apply to all similarly situated potential plaintiffs who receive notice.

### IV.     Form of Notice

Defendant objects to the proposed Notice of Unpaid Overtime Lawsuit (ECF 25) because: (1) the all-caps heading above the case style should be removed and the disclaimer that the Court has expressed no opinion on the merits of the action made more prominent; (2) the Notice should mention the possibility of decertification; (3) the 60-day opt in period should be 45-days; (4) Defendant should not have to produce telephone numbers; (5) Notice should only be mailed, not emailed; (6) Plaintiff's counsel should not be permitted to mail or text reminders; and (7) the Notice should include a warning that Plaintiffs could be responsible for costs and for potential counterclaims. "It is well-settled that courts have wide discretion in deciding the notice's content and how notice is distributed." *Thrower v. UniversalPegasus, Int'l Inc.*, 484 F. Supp. 3d 473, 488 (S.D. Tex. 2020).

Defendant's objections, with one small exception, should be overruled. The Court recommends the Plaintiff be directed to move the sentence "The Court has taken no position regarding the merits of the claims or defenses at issue" to the beginning of the second paragraph of section 1, immediately preceding the sentence beginning "You received this notice . . .." This change addresses Defendant's concern about the disclaimer appearing on the second page of the Notice.

In all other respects, the form and method of distribution of notice are reasonable and serve the "broad remedial purposes of the FLSA by facilitating notice." *Jones v. Cretic Energy Servs.,*

7

*LLC*, 149 F. Supp. 3d 761, 776 (S.D. Tex. 2015).  The court in *Jones* found Plaintiff's requests for e-mail addresses and phone numbers were not unduly burdensome or invasive and were appropriate to further the broad remedial purposes of the FLSA.  *Id.*  In addition, the Court allowed follow-up phone calls and reminders because "potential class members work at remote locations for extended periods of time, and because defendant has failed to show that the proposed reminder notices will prejudice or burden defendant unduly."  The district court also rejected defendant's request for language regarding costs because "courts in this district routinely approve notices without such a warning," and defendant did not have a good reason for including such a warning. *Id.*

Furthermore, courts in this district have recognized that email is already outmoded and text messages are more likely to actually reach the intended recipients.  *See Dickensheets v. Arc Marine, LLC*, 440 F. Supp. 3d 670, 672 (S.D. Tex. 2020) ("In light of [the reality that text messaging and cell phones are now the primary means of communication] and the overarching goal of providing potential class members the opportunity to join the case, I find that providing notice via text message in addition to other traditional notice methods will almost always be appropriate in modern society."); *Thrower v. UniversalPegasus, Int'l Inc*., 484 F. Supp. 3d 473, 490 (S.D. Tex. 2020) (approving notice by text because "virtual mailboxes are inundated with hundreds or thousands of messages" and "text-message notice is particularly useful in helping to facilitate actual notice of the pending lawsuit, as the class involves pipeline workers who routinely travel for work and are away from their home for extended periods of time.").  Finally, in addition to the fact that a 60-day opt-in period is common and reasonable, Defendant puts forth no good reason for shortening the period.  *See, e.g., Baucum v. Marathon Oil Corp.*, Civil Action No. H-16-3728, 2017 WL 3017509, at *9 (S.D. Tex. July 14, 2017).

## V.     Conclusion and Recommendation

The Court concludes that Plaintiff has met his burden to show there is a category of similarly situated employees that should receive notice of this action pursuant to 29 U.S.C. § 216(b).  However, Plaintiff's putative class should be limited to hourly workers in the specific positions identified by the evidence as having received the same bonuses as Young.  Therefore, the Court RECOMMENDS that Plaintiff's Motion for Conditional Certification, which the Court construes as a Motion for Notice pursuant to *Swales*, should be GRANTED in part and Plaintiff should be authorized to send the proposed notice and consent forms attached to the Motion, ECF 25, to the following potential members of the collective action:

> All non-exempt hourly oilfield personnel who worked as rig managers, drillers, derrickmen, motormen, floormen, and/or toolpushers for, or on behalf of, Energy Drilling in the United States and who in the past three (3) years were paid Safety bonuses and/or Beat the Curve bonuses that were not included in the formula used to calculate their overtime pay.

In addition, the sentence "The Court has taken no position regarding the merits of the claims or defenses at issue" should be moved to the beginning of the second paragraph of section 1, immediately preceding the sentence beginning "You received this notice . . ."  The Court further recommends that Defendant be required to produce the requested contact information, including phone numbers, within 10 days of an order from the District Judge adopting this Memorandum & Recommendation or otherwise approving notice.  Plaintiff should send the notice within 20 days of an order approving notice, and Plaintiff should be allowed to send a reminder or call potential class members within 30 days of mailing to ensure receipt of the notice.  The opt-in period should run for 60 days from the date notice is sent.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C.

§ 636(b)(1)(c).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 31, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge